THE BURNS CONNERS FAMILY TRUST

MAGGIE CONNERS
815 N La Brea Avenue
Inglewood CA 90302

FILED

2017 FEB 15 PM 4: 20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

United States District Court
Central District of California
Western Division

Case No.: CV.17 -01245 VBF(DFM)

—————————————————————

THE BURNS CONNERS FAMILY TRUST,
                    MAGGIE CONNERS
                    Plaintiff,

                    v

David Alfred Tjarks, David Price, Crista
Haynes, Dept. Of Children Family Services,
County of Los Angeles, Honorable Judge
Chemeleski, Maria Placensia

—————————————————————

CIVIL RIGHTS COMPLAINT PURSUANT TO TITLE 42 U.S.C § 1983, DEPRIVATION OF RIGHTS UNDER COLOR OF LAW TITLE 18 U.S.C. § 242, CONSPIRACY AGAINST RIGHTS 18 U.S.C. § 241, RICO ACT TITLE 18 U.S.C .§ 1963, 1964, PETITION TO COURT OF COMPETETENT JURISDICATION TO INVALIDATE ACTION UPON SHOWING OF CERTAIN VIOLATIONS PURSUANT TO 25 U.S.C § 1914, IMPROPER REMOVAL OF CHILD FROM CUSTODY; DECLINATION OF JURIDISCIAITON, FORTHWITH RETURN OF CHILD; DANGER EXCEPTION, RETURN OF CUSTODY PURUSUANT TO 25 U.S.C § 1916

Judge:
Dept.:

## TO THE HONORABLE UNITED STATES SUPREME JUDGE AND ALL INTERESTED PARTIES:

**PLEASE TAKE NOTICE THAT** on or about _____, or soon after that as the matter be heard, in Dept. _____ of the entitled Court located at _____, plaintiff MAGGIE CONNERS, will and hereby remove the action from Governor George Deukmejian Superior Court of California, County of Los Angeles, (Case No. #NF012336) to the United States District Court for the Central District of California, Western Division, which may be removed to this Court by defendant's pursuant to the provisions of 28 U.S.C. § 1441(a).

1

The removal is effective automatically by defendant of Case No. NF012336; MAGGIE CONNERS, Natural Born Mother of JAISEN CONNERS by filing the requisite documents and giving the record notice (above) pursuant to 28 **U.S.C** § 1446(e). Rollwils v. Burlington Northern Railroad.

In addition to removing all power, jurisdiction and authority of the state court, or at least temporarily during the entire pendency of removal in federal court under the provisions on 28 U.S.C. § 1443 "freezes" the current status quo and situation within the state as of October 18th 2016 and November 09, 2016 when the original Notice of Removal (Case No: 2:16-cv-08360) and First Amended Federal Removal - Civil Rights Act (Case No: 2:16-cv-07754-PA-AGR) were entered in at the United States District Court for the Central District of California, Western Division. (Exhibit A; Notice of Removal)

Thus, any later state court action is void, even if the removal is ultimately held improper! Along with not granting an attorney's motion to withdraw, having no warrants issued, and no hearings either set or held, and no orders of any kind issued.

### JURISDICTION

This Court has jurisdiction under 28 **U.S.C** § 1331, Federal Question Jurisdiction arises pursuant to; CIVIL RIGHTS LIABILITY TITLE 42 U.S.C §. 1983, DEPRIVATION OF RIGHTS UNDER COLOR OF LAW TITLE 18 U.S.C. § 242, CONSPIRACY AGAINST RIGHTS TITLE 18 U.S.C. § 241, "RICO" TITLE 18 USC § 1963, § 1964

minor, JAISEN CONNERS is an Indian Descendant of Chickasaw Indian Tribe (Maternal Grandmother) and Blackfeet Indian Tribe (Maternal Grandfather) which has original jurisdiction pursuant to 25 **U.S.C** § 1911, with declination of jurisdiction from state court Deukmejian Superior Court of California, County of Los Angeles, (Case No. #NF012336) pursuant to 25 **U.S.C** § 1920.

2

**VENUE**

Venue is proper pursuant to under 28 U.S.C. § 1391(b) as one or more Defendants are located or reside in this District, and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

**PARTIES**

Plaintiff, at all times herein, MAGGIE M. CONNERS, 27 years of age; Natural Mother of JAISEN CONNERS.

Plaintiff, THE BURNS CONNERS FAMILY TRUST, holds Power of Attorney of both MAGGIE CONNERS and JAISEN CONNERS.

Defendant, David Alfred Tjarks, 52 years of age, NON-BIOLOGICAL FATHER of JAISEN CONNERS, residing in the county of Los Angeles, California, is being sued in his individual capacity.

Defendant, Department of Children Family Services (DOES 1-10) a municipal entity existing within and doing business as the County of Los Angeles within this District, being sued in its official capacity.

Defendant, David Price is an attorney at law licensed to practice within the State of California residing and doing business in this District, being sued in his individual capacity, residing and doing business in this District as Pray, Price, Williams & Pickin, which is a professional law corporation licensed to conduct business as a law firm within this District.

Defendant Crista Haynes is an attorney at law licensed to practice within the State of California residing and doing business in this District as Bristol & Haynes, a Professional Law Corporation is a professional law corporation licensed to conduct business as a law firm within this District.

3

Defendant, Honorable Judge Chemeleski, employed by the Deukmejian Superior Court of California, 275 Magnolia Avenue, Long Beach CA 90802, is being sued in his individual and official capacity of the County of Los Angeles, whom operates the facilities and certain services at nine Los Angeles County courthouses; creates and implements policies, customs, and practices administered by County judicial officers, administrators, and staff; provides professional legal services and advice to the citizens of Los Angeles County, including services related to the practice of 'family law."

Defendant, Maria Placensia, court appointed monitor being sued in her official capacity, employed by _____ ordered by Judge Chleminski for court appointed supervised visitation between Plaintiff, MAGGIE CONNERS and natural born son JAISEN CONNERS.

Plaintiffs are informed, believe and allege that at all times mentioned each Defendant was acting within the course, scope and purpose of such relationship in each act ascribed to them herein, except as otherwise alleged.

## STATEMENT OF FACTS

This case involves the minor child, JAISEN A. M. CONNERS, an Indian descendant, natural born son of plaintiff MAGGIE CONNERS, born in Inglewood California on August 08, 2012. (Exhibit ___; Birth Certificate, Exhibit ____; Affidavit of Identity).

On or about January 01, 2015 until this present day, plaintiff MAGGIE CONNERS has been in recovery from her past lifestyle of prostitution. MAGGIE CONNERS decided to pursue a higher level of education to obtain a decent job in society, Plaintiff, MAGGIE CONNERS contacted her clients to inform them that she would no longer be able to provide the services requested. However, defendant David Tjarks seemed to be the only client unhappy with the

4

plaintiff MAGGIE CONNES choice to end her services, to pursue a higher level of education, and provide a better future for herself and child.

On or about August 8, 2012, Plaintiff MAGGIE CONNERS gave birth to JAISEN CONNERS at Centinela Hospital, where she was accompanied by several blood relatives and family friends. Mr. Tjarks did make an appearance much later after the birth of the child, where defendant only came to the hospital to drop off a car-seat that was purchased, who defendant agreed to purchase after performing sexual intercourse with the plaintiff.

MAGGIE CONNERS. When MAGGIE CONNERS was released from the ER she returned to her home in Hawthorne California. MAGGIE CONNERS resided in Hawthorne, California for 9 months until her lease ended, MAGGIE CONNERS then returned home to live with her mother also known as the natural grandparent of JAISEN CONNERS.

Defendant David Alfred Tjarks, 52-year-old male, is falsely identifying himself as presumed father of minor JAISEN CONNERS. Defendant David Tjarks willfully and knowingly defrauded the courts by falsely declaring under penalty of perjury allegations that the defendant and plaintiff MAGGIE CONNERS were in a domestic relationship and at a period resided together, and thus has unlawfully obtained custody of the minor JAISEN CONNERS. Defendant David Tjarks has a granted pardon as a Registered Sex Offender, along with multiple charges of solicitation. Defendant David Tjarks is and has been deemed "unfit" in violation of WIC §300b to have JAISEN CONNERS in his care and custody. Every day JAISEN CONNERS is in his care and custody, he is being subjected to imminent harm and danger. (Exhibit ____; David Alfred Tjarks Criminal History)

Plaintiff, MAGGIE M. CONNERS, is a victim of oppression and with the obligations of poverty and lack of education, MAGGIE CONNERS comes now to address the accusations placed against her by her oppressor's defendants; David Tjarks, David M. Price, Crista Haynes, Judge Chemeleski, Maria Plascencia, Department of Children and Family Services, and the County of Los Angeles

## COUNT 1

On or about August, 2015 in the County of Los Angeles, the crime of "Extortion and - blackmail" was committed by David Tjarks in violation of California Penal Code § 518; by demanding the continuance of their commercial solicitation relationship, and as a consequence for not obliging, defendant David Tjarks has conspired against plaintiff MAGGIE CONNERS in efforts to unlawfully and knowingly obtain custody of plaintiffs first born child, in attempt to continue to be in plaintiffs MAGGIE CONNERS life. David Tjarks actions knowingly and willfully, constitutes as a felony and can be punishable up to 4 years in state prison.

## COUNT 2

On or about September, 2015 in the County of Los Angeles, the act of a "stalking" was committed by David Tjarks, in violation of California Penal Code § 646.9 by creating false profiles of her on various escort websites, which potentially risked both plaintiff MAGGIE CONNERS and JAISEN CONNERS life and safety. Defendant David Tjarks, willfully and maliciously harasses the plaintiff MAGGIE CONNERS, attempting to make a credible threat with the intent to place the plaintiff in reasonable fear for her safety, or the safety her immediate

family, constitutes as a crime, punishable up to 5 years, along with having to register as a Sex Offender.

## COUNT 3

On or about October, 2015 in the County of Los Angeles, the crime of "perjury" was committed by David Tjarks in violation of California Penal Code § 118, by filing a request of custody (non-biological rights) by knowingly making false or misleading statements under oath, "penalty of perjury" and signing legal documents that were to be presumed truthful, made in bad faith, in the Deukmejian Superior Court of California, (Case No. #NF012336.) Defendant David Tjarks willfully and knowingly defrauded the courts with allegations that the defendant and plaintiff MAGGIE CONNERS were in a domestic relationship and at a period resided together, and thus has unlawfully obtained custody of the minor JAISEN CONNERS.

Defendant David Tjarks actions and" intent to mislead" the courts is depriving MAGGIE CONNERS of her 14th Amendment Right to parenting her son, which is a fundamental liberty interest protected by due process and equal protection in the care, custody, and management of her child. (Santosky v. Kramer) Perjury is considered a "crime against justice," lying under oath compromises the authority of courts. grand juries, governing bodies, and public officials, pursuant to 18 § 1621, and if found guilty of the crime, the defendant will be fined or imprisoned for up to five years.

**COUNT 4**

On or about October 15, 2015, in the county of Los Angeles, the crime of "offering and preparing false evidence" committed by David Tjarks in violation of California Penal Code 132 & 134 by knowingly offered and presented false written evidence, defrauding the courts that the minor JAISEN CONNERS was being neglected of dental work, in attempt to unlawfully gain temporary custody of the minor, along with requesting "presumed father rights." Every person who upon any trial, proceeding, inquiry, or investigation, authorized or permitted by law offers in evidence as genuine or true, any book, paper, document, record, or other instrument in writing knowing the same to have been forged or fraudulently altered or ante-dated, is guilty of a felony sentenced to as much as three years in state prison.

**COUNT 5**

On or about October 15, 2015, in the county of Los Angeles, Defendant David Tjarks deprived plaintiffs MAGGIE CONNERS and JAISEN CONNERS 14th Amendment Right, protecting the fundamental right of parents to make decisions concerning the care, custody, and control of their children and or right to refuse care and treatment for her child, and or consent to medical treatment in violation of 22 C.C.R 72527 (a) (4) by taking JAISEN CONNERS to be examined for dental work without the authorization or legal consent from plaintiff, sole legal guardian of JAISEN CONNERS at that time. Plaintiff was at all times able to provide immediate care and professional dental work. (Washington v. Glucksberg)

## COUNT 6

On or about October 31, 2015 in the county of Los Angeles, the Defendant David Tjarks committed the act of "perjury" in violation of California Penal Code § 118. Defendant David Tjarks knowingly made false and misleading statements under oath, in bad faith to a peace officer stating plaintiff MAGGIE CONNERS had failed to honor the courts order to the exchange JAISEN CONNERS, at a local police department located at 4861 Venice Blvd, Los Angeles 90019 for granted visitation which enabled the defendant visitation to the natural mothers native offspring granted by Judge Chleminski based upon fraud on the court, perjury and fabrication of evidence by her accusers David Tjarks and his attorney David M. Price.

Mr. Tjarks had full reasonable knowledge that if MAGGIE CONNERS was late or did not show to the station to exchange the minor, he would then be granted "temporary custody" of the minor until the next court hearing scheduled on the courts calendar.

Mr. Tjarks intentionally ignored text messages from CONNERS during the times she was at the station to perform the exchange of JAISEN CONNERS. David Tjarks had no empathy for the victim's circumstances and disregarded the texts, and continued to act in bad faith to in any way unlawfully gain custody of JAISEN CONNERS.

(a) (Exhibit ____, Proof of text messages sent from multiple cellular phones notifying Mr. Tjarks that plaintiff was in route or running late to perform the exchange)

(b) (Exhibit ____, Text message identified as a "test" text message demanded by the officers that David Tjarks send to the plaintiff's cell phone, proving David Tjarks had made false statements that plaintiff had made no contact with him and that he did not have a contact number on her.

9

## COUNT 7

On or between October 31 to December 2015, in the county of Los Angeles, the crime of "child custody deprivation" in violation of Penal Code 278.5(a), a felony was committed by defendant David Tjarks, who did take, keep, withhold and conceal JAISEN CONNERS, a child and did maliciously deprive a lawful custodian of a right in custody, and a person to a right of violation of their constitutionally protected rights to have a relationship between parent and child, by knowingly and willfully keeping both child and biological mother separated. (Quilloin v. Walcott)

Interference in the home, values, education, direction, guidance of children is protected by the due process clause that includes the right of parents to "establish a home and bring up children" and "to control the education of their own." Meyer v. Nebraska

Defendant David Tjarks along with the aid of his attorney David Price and Judge Chleminski, was able to unlawfully act in bad faith in attempt to oppress plaintiff MAGGIE CONNERS to obtain physical custody of the JAISEN CONNERS to oppress the victim with mental stress and torment. Defendant, is aware that JAISEN CONNERS is the most valuable asset in the plaintiff MAGGIE CONNERS life.

(a) Exhibit _____, Texts sent by David Tjarks attempting to intimidate the plaintiff, informing her to read her courts orders because he was now lawfully granted temporary custody of the minor until the next court hearing scheduled to take place on December 2nd 2016 on the courts calendar.

On or about December 08, 2015 at 7:45 pm, an interview was held with both Department of Children and Family Services and the minor at stake JAISEN CONNERS, where the minor

informed the CSW that he was being physically abused, and resulting in emotional duress caused by the defendant David Tjarks.

(a) Exhibit _____; Detention Report of injuries.

## **COUNT 8**

On or about December 09 2015, in the county of Los Angeles, the crime of "severe willful neglect" was committed by the Department of Children and Family Services, in violation of Penal Code 11165.2, and 111164, by returning the minor to the defendant. Department of Children of Family Services failed to protect JAISEN CONNERS from the defendant David Tjarks by returning him back to the defendants David Tjarks care and custody after the allegations from the Plaintiff were found true,

On or about December 11, 2015 the request hearing seeking DNA test for paternity results was set to be heard, was advanced to the date of December 09, 2015, by the court requesting the defendant David Tjarks to submit a DNA test. Defendant David Tjarks was found to be the NON-Biological Father of the minor JAISEN CONNERS. (Exbibit ___ Court Ordered DNA Results, ruling out paternity.)

On or about December 15, 2015 Defendant David Tjarks was ordered to return the minor to the plaintiff, maternal mother of JAISEN CONNERS, along with granting Defendant David Tjarks visitations every other weekend.

11

## COUNT 9

On or about December 15, 2015 Defendant David Tjarks coincidentally, committed the act of a "making a false report of a crime" in violation of California Penal Code § 148.5, by knowingly making a false report of a crime under oath and "penalty of perjury" that were to be presumed truthful, made in bad faith, to the Deukmejian Superior Court of California, (Case No. #NF012336.) of false Criminal Threat charges against plaintiff MAGGIE CONNER, to a peace officer of the court in attempt to have plaintiff arrested and unlawfully gain custody of minor JAISEN CONNERS.

## COUNT 10

On or about December 15, 2015 in the County of Los Angeles, Judge Chleminski committed the crime of "malicious prosecution" by the act of willful negligence, and failed its duty of due process and due diligence of the courts policies and procedures, of the false statements or representation of criminal threat charges filed by David Price, with fabricated charges alleged by defendant David Tjarks in violation of 18 U.S.C 1001;1002.

## COUNT 11

On or about December 15, 2015 in the County of Los Angeles, Judge Chleminski, David Tjarks, and David Price committed the crime of "Civil Racketeering" in violation of 18 U.S.C. § 1962(c.) Defendant Judge Chleminski failed to have probable cause and initiated the charges based on improper purposes abusing his discretion, legal authority, and lack of due process to conspire to deprive plaintiff MAGGIE CONNERS of her 4th, 5th, 14th Amendment Rights to care for her child.

12

## COUNT 12

On or about December 15, 2015 in the county of Los Angeles, Defendants, David Tjarks, David Price and Judge Chleminski committed the crime of "conspiracy against rights" in violation of 18 U.S.C. § 241 to injure, oppress, threaten and intimidate plaintiff MAGGIE CONNERS by granting Defendant David Tjarks "temporary sole legal custody" after incarcerating plaintiff MAGGIE CONNERS with fabricated criminal threat charges, in attempt to continue to oppress and deprive plaintiff of her rights under the color of law.

## COUNT 13

On or about December 20, 2015 in the county of Los Angeles, the crime of "Warrantless Entry" was committed by Department of Children and Family Services and LAPD by the deprivation of the plaintiff's constitutional rights under color of law 42 U.S.C. 1983. NO, Defendant possessed a search or arrest warrant for JAISEN CONNERS. Natural Mother MAGGIE CONNERS, had and has not been found as an "unfit" parent by DCFS, never less DCFS along with the LAPD violated both MAGGIE CONNERS and JAISEN CONNERS 4th, 5th, 14th Amendment Rights by entering the plaintiffs home without a warrant lacking due process.

All evidence, confessions, omissions, orders, and documents, along with the fraud on the court caused, created and brought forth from TJARKS, PRICE and HAYNES were illegally obtained by the violation of MAGGIE CONNERS and JAISEN CONNERS 4th and 5th Amendment Rights

It has also been ruled that any warrant based on an anonymous tip the warrant will not stand a judicial challenge, and the State may not interfere in child rearing decisions when a fit parent is

13

available. Referring to White v. Pierce County, that it was settled constitutional law that absent exigent circumstances, police could not enter a dwelling without a warrant even under statutory authority. Any reasonable official should be aware of their unrestricted rights to enter peoples home at will.

On or about December 31, 2015, plaintiff MAGGIE CONNERS successfully passed an assessment given by Elizabeth Kim, LCSW. Upon completion of the assessment plaintiff was never found "unfit" to care for JAISEN CONNERS in any court, or Department of Children Family Services hearing.

As an actual and proximate result, PLAINTIFF has been HARMED. Plaintiff was deprived of her rights to care for her child without the interference of the government from December 2015- April 2016, where the minor JAISEN CONNERS was subjected to Foster Care.

**COUNT 14**

On or about April 02, 2016, in the county of Los Angeles, the crime of "severe willful neglect" was committed by the Department of Children and Family Services, in violation of Penal Code 11165.2, and 111164, by returning the minor to the defendant David Tjarks along with the aid of conspiring with the defendant David Tjarks in unlawfully obtaining "presumed father rights"

On or about February 10, 2016, DCFS found Defendant David Tjarks "physically abused the child in that the "defendant David Tjarks" twice slapped the child face, on previous occasions the father struck the child. Such Physical abuse was excessive and caused the child resonance pain and suffering." Department of Children of Family Services failed to protect JAISEN CONNERS

14

from the defendant David Tjarks by returning him back to the defendant's care and custody after the allegations from the Plaintiff were found true.

### COUNT 15

On or about April 10, 2016 in the county of Los Angeles, Defendants, David Tjarks, David Price, DCFS and Judge Chleminski committed the crime of "conspiracy against rights" in violation of 18 U.S.C. § 241 to injure, oppress, threaten and intimidate plaintiff MAGGIE CONNERS by granting Defendant David Tjarks "presumed father rights" in attempt to continue to oppress and deprive plaintiff of her rights under the color of law, and unlawfully and knowingly grant the defendant rights based upon fraud to the court, perjury and racketeering acts of all defendants aforementioned.

On or about April, to August 8, 2016 defendant David Tjarks deprived the plaintiff and JAISEN CONNERS under the color of law to have the right to have a relationship which is protected constitutionally. The defendant did not obey court orders of visitation and or monitored phone call allowing the plaintiff to have interaction with her natural born son.

### COUNT 16

On or about September 20, 2016 in the county of Los Angeles. the crime of "forgery" was committed by Crista Haynes, plaintiffs hired lawyer in the family court case No. NF012336, by the act of signing over physical and legal rights to defendant David Tjarks. Plaintiff's signature on the documents titled "Modification of Child Custody" was not of her own doing, nor aware of the court hearing set as a result of the documents filed. Plaintiff was not informed of the hearing, nor appeared to the scheduled hearing giving Defendant David Tjarks legal custody by Crista Haynes, David Price, and Judge Chleminski in attempt to conspire against the plaintiff rights to

care for son and unlawfully grant defendant rights to the minor at stake JAISEN CONNERS.

On or about Saturday October 15, 2016, MAGGIE CONNERS became aware of injuries of severe willful neglect, and evidence of failing to protect JAISEN CONNERS which was committed by DAVID TJARKS and Maria Placensia who did unlawfully and knowingly neglect and abuse JAISEN CONNERS in violation of PC 11156.2, 11164 WIC 300(b) by failing to protect, a result of the failure or inability to supervise JAISEN CONNERS form the defendant David Tjarks.

On Saturday October 15, 2016, JAISEN CONNERS arrived with Maria Plascensia to his habitual residence since birth, 5857 Ernest Avenue, Los Angeles, CA 90034 for his court appointed visitation with his Maternal Mother MAGGIE CONNERS, where JAISEN CONNERS had three stitches on the right side of his right eye that had been removed and healed after occurring sometime on, in, or about the period of August to September 2016 where defendant David Tjarks, failed to abide by the court monitored visits by keeping JAISEN CONNERS away from his natural born mother, along with depriving both MAGGIE CONNERS AND JAISEN CONNERS the right to communicate.

(a) (Exhibit ____ Talking Parents Messages, showing MAGGIE CONNERS continuously reaching out the defendant David Tjarks after being ignored, and denied the right to speak to her son, and check on his well-being and safety)

16

On Sunday October16, 2016 Natural Born Mother MAGGIE CONNERS was protecting her child from physical and sexual abuse, which lead to her keeping her Natural Born son JAISEN CONNERS in her care and custody after the monitored visit was held, which she was advised by a Watch Commander Royale on the night of October 15, 2016 that it was her "natural right" to withhold her biological son JAISEN CONNERS in her care after her visitation, being her son was in imminent danger with David Tjarks. Plaintiff actions did and does not constitute violating any court orders that was granted from previous accounts and evidence of fraud upon the court by defendants David Tjarks, David Price, and Crista Haynes, but instead attempting to protect her child from imminent danger

Approximately 1:45pm on October 16, 2016, Maria Plascensia was served a copy of the following documents; from a party not involved in the custody case pending in family court, stated by Maria Plascencsia "at this point the Hispanic lady came up to me and told me you don't understand you are being served and left..."

1. Notice of Federal Removal
2. Notice of Claim of Injuries (Exhibit ____)
   (a) For the crime of severe willful neglect, and failure to protect in violation of PC 11156.2, 11164 committed by David Tjarks.
   (b) Notice of a California Tort Claims Acts against Maria Plascensia on the matter steaming from the failure of person having care and custody of the child to protect the child from physical abuse, along with willfully and negligently not reporting the accident which lead to the injuries JAISEN CONNERS acquired being the monitors is a Mandated Reporter.
   (c) Notice that any other actions that deprive MAGGIE CONNERS of her rights under of Color of Law is in violation of Title 18 USC 241-242 & TITLE 42 USC 1983.
   (d) Notice of Claim pursing Good Faith, in hopes of settling the claim amicably and without the need for litigation.

17

## COUNT 17

On or about October 17, 2015 in the county of Los Angeles, Defendant, Professional Child Custody Monitor; Maria Plascensia committed the act of "perjury" in violation of California Penal Code § 118 by entering a declaration under penalty of perjury filed with statements that were fabricated relating to MAGGIE CONNERS, and stating evidently that the defendant LAURA L. CONNERS was merely present on the act of the Maternal Mother protecting the best interest of JAISEN CONNERS while he was in her care and custody.

(a) (Exhibit _____ Declaration of Maria Plascensia) Defendant Maria Plaencia statin plaintiff MAGGIE CONNERS "crabbed JAISEN and ran, getting into the car..."

which was proven in court FALSE prior on or about December 29, 2016 when video surveillance was entered as evidence in the Criminal Court Preliminary hearing, showing MAGGIE CONNERS AND JAISEN CONNERS walking to the car peacefully, in no way presenting JAISEN CONNERS to harm, neglect or child endangerment, but in effort and order to protect her natural born offspring from danger elsewhere.

Maria Plascensia's statements of "false accusations based on hearsay" cannot stand a judicial challenge and assisted in fabrication of evidence leading to the warrant issued for arrest of MAGGIE CONNERS and LAURA CONNERS, and arrest of MAGGIE CONNERS at her families residence on November 30, 2016, causing JAISEN CONNERS to be placed back in the existence of any condition or practice in a mine which could reasonably be expected to cause death or serious physical harm to any with defendant David Tjarks, which constitutes as crime pursuant to Title 18 USC 1519; which is punishable felony of fabrication of evidence offense up to twenty years.

18

On or about October 20, 2106 Plaintiff MAGGIE CONNERS acting in good faith, spoke to both Detectives Martin and Detective Chapman the investigators of the pending Child Abduction Charges placed by David Tjarks sending information via fax of the occurrence of October 16th 2016 along with the notice of claim of good faith in keeping her son in her care and custody. In efforts to receive help MAGGIE CONNERS and her son from imminent danger made multiple claims regarding abuse and deprivation of rights to the DCFS hotline. (Exhibit _____ Proof of Goof Faith, contacting investigators)

The affidavit in support of the arrest warrant failed to mention factual evidence that arise a crime set-forth in probable cause displaying the crime of abduction and kidnapping being committed by MAGGIE CONNERS or LAURA CONNERS. Although the affidavit convinced a magistrate to sign an arrest warrant for MAGGIE CONNERS, and LAURA CONNERS, the law is clear it is evident that a false statement or representation, is in violation of 18 U.S.C 1001;1002. McCray v. Illinois

Along with no evidence with reliable facts to uphold against LAURA CONNERS being an accessory to such matter. It is evident that the defendant LAURA CONNERS was merely present, which does not itself assist the commission of the crime, and does not amount to aiding and abetting. Mere knowledge that a crime is being committed and the failure to prevent it does not amount to aiding and abetting.

19

**COUNT 18**

On or about January 04, 2015 in the county of Los Angeles, Defendants, David Tjarks, David Price and Judge Chleminski and Crista Haynes committed the crime of "conspiracy against rights" in violation of 18 U.S.C. § 241 to injure, oppress, threaten and intimidate plaintiff MAGGIE CONNERS by granting Defendant David Tjarks "sole legal and physical custody with no visitation granted to the plaintiff" after incarcerating plaintiff MAGGIE CONNERS for false charges. Judge Chleminski, abusing his discretion granted Defendant David Tjarks to change the minors name from JAISEN ANTONIO MAURICE CONNERS to Jaisen Mario Conners Tjarks which constitutes as "child identity fraud" violating JAISEN CONNERS human right to know his identity that constitutes ad and the identity to know his mother.

THEREFORE, as an actual and proximate result, PLAINTIFF MAGGIE CONNERS and minor JAISEN CONNERS has been HARMED. Plaintiff was deprived of her rights under the color of law to care for her child without the interference of the government.

## REQUEST FOR RELIEF

**Wherefore Plaintiff request:**

1. **Jury Trial Request**

2. **Federal Injunction of all orders from the state court** Deukmejian Superior Court of California, County of Los Angeles, (Case No. #NF012336).

3. **PERMENANT CUSTODY RIGHTS GRANTED** TO PLANTIFF MAGGIE CONNERS of the BURNS CONNERS Family Trust, pursuant to 25 USC 1916.

4. **PERMENANT TERMINATION OF PARENTENTAL RIGHTS of JAISEN CONNERS** from Defendant David Tjarks pursuant to USC 161.05.

5. **FEDERAL GRANTED PERMANENT RESTRAINING ORDER AGAINST** Defendant David Tjarks for plaintiff MAGGIE CONNERS, and children JAISEN CONNERS AND BRYSEN CONNERS.

6. **LIABILTY of all defendants depriving plaintiffs constitutionally protected rights pursuant to 42 USC 1983.**

7. **Criminal Charges against ALL Defendants listed aforementioned of COUNTS.**

Date: February 15, 2017

ALL RIGHTS RESERVED
_____

THE BURNS CONNERS FAMILY TRUST
MAGGIE CONNERS; IN PRO PER

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )
THE BURNS CONNERS FAMILY TRUST, MAGGIE CONNERS,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
David Tjarks, David Price, Crista Haynes, DCFS, County of LA, Maria Placensia, Judge Chlemeski

**(b) County of Residence of First Listed Plaintiff** LA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant LA
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.) Deprivation of child custody, plaintiff rights have been deprived under the color of law 18 USC 242, plaintiff constitutionally deprived of natural mother rights 42 USC 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number: **CV 17-01245**

CV-71 (07/16)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

**QUESTION A: Was this case removed from state court?**
☒ Yes  ☐ No

If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there.

| STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|
| ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| ☐ Orange | Southern |
| ☐ Riverside or San Bernardino | Eastern |

**QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?**
☐ Yes  ☒ No

If "no," skip to Question C. If "yes," answer Question B.1, at right.

**B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?
*check one of the boxes to the right* →
☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.
☐ NO. Continue to Question B.2.

**B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)
*check one of the boxes to the right* →
☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.
☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there.

**QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?**
☒ Yes  ☐ No

If "no," skip to Question D. If "yes," answer Question C.1, at right.

**C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?
*check one of the boxes to the right* →
☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.
☒ NO. Continue to Question C.2.

**C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)
*check one of the boxes to the right* →
☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.
☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there.

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

**D.1. Is there at least one answer in Column A?**
☐ Yes  ☒ No
If "yes," your case will initially be assigned to the SOUTHERN DIVISION.
Enter "Southern" in response to Question E, below, and continue from there.
If "no," go to question D2 to the right. →

**D.2. Is there at least one answer in Column B?**
☐ Yes  ☒ No
If "yes," your case will initially be assigned to the EASTERN DIVISION.
Enter "Eastern" in response to Question E, below.
If "no," your case will be assigned to the WESTERN DIVISION.
Enter "Western" in response to Question E, below. ↓

**QUESTION E: Initial Division?**
INITIAL DIVISION IN CACD
Enter the initial division determined by Question A, B, C, or D above: → *C*

**QUESTION F: Northern Counties?**
Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties?  ☐ Yes  ☒ No

CV-71 (07/16)                    CIVIL COVER SHEET                    Page 2 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**     ☒ NO     ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**

☒ NO     ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐  A. Arise from the same or a closely related transaction, happening, or event;

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐  A. Arise from the same or a closely related transaction, happening, or event;

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _ALL RIGHTS RESERVED_ _____ DATE: _2/15/17_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |